## UNITED STATES v. GRIFFITH et al.

(Court of Appeals of District of Columbia. Submitted October 9, 1924. Decided December 1, 1924.)

### No. 4114.

**1. Grand jury ⊕⇒15—Employee to whom government is paying disability compensation held "employee" of government, disqualified as juror.**

Government employee, to whom government is paying disability compensation under Act Sept. 7, 1916 (Comp. St. §§ 8932a–8932uu), *held* "employee" of the government, within rule disqualifying such employees from acting as jurors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

**2. Grand jury ⊕⇒15—United States government employee not qualified to serve as member of grand jury in District of Columbia.**

An employee of United States is not qualified to serve as member of grand jury in District of Columbia, notwithstanding Code, §§ 215, 217.

**3. Criminal law ⊕⇒278(2)—Disqualification of grand juror may be raised by plea in abatement.**

An accused may present objections to member of grand jury, who was disqualified as employee of United States government, by plea in abatement.

Appeal from Supreme Court of District of Columbia.

Ward W. Griffith and others were indicted for conspiracy. From a judgment sustaining a plea in abatement and quashing indictment, the United States appeals. Affirmed.

Peyton Gordon, of Washington, D. C., for appellant.

Leon Tobriner, B. U. Graham, and J. L. Smith, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. In this case the United States appeals from a judgment of the Supreme Court of the District of Columbia, sustaining a plea in abatement and quashing an indictment, upon the ground that one of the members of the grand jury which returned the indictment was disqualified by law.

The indictment in question was returned on March 3, 1921. It charged the defendants therein, now the appellees, with a conspiracy in restraint of trade and commerce in coal in the District of Columbia. On May 16, 1921, the defendants filed a plea in abatement, alleging and contending that one George H. Van Kirk had served as a member of the grand jury in the finding of the indictment, whereas at that time he was a paid employee of the United States, and consequently was not competent or qualified to act as a grand juror in the case. The defendants averred that they had not learned of these facts until four days before the filing of the plea, and that they thereupon presented it as speedily as could be. The government filed a replication denying these allegations, and issue was joined, whereupon the court sustained the plea, quashed the indictment, and discharged the defendants. From that order the government has appealed.

It appears without dispute that for some years prior to July 28, 1920, the grand juror in question was a resident of the District of Columbia, and was employed at an annual salary as a stenographer, typist, and clerk in the War Department of the United States; that on the day named, because of disabilities, he filed with the United States Employees' Compensation Commission an application for disability compensation, under the act of Congress entitled "An act to provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other purposes," approved September 7, 1916 (39 Statutes at Large, 742, c. 458 [Comp. St. §§ 8932a–8932uu]); that on October 22, 1920, the commission awarded him disability compensation at the rate of $66.67 per month, being a rate based upon the salary which he was receiving at the time of his disability; and that he was carried at that rate upon the United States employees' disability rolls at and during the time of his service as grand juror in this case.

[1] The act aforesaid provides that the United States shall pay compensation for the disability of an employee resulting from a personal injury sustained while in the performance of duty; that the amount thereof shall be adjusted by the commission according to the monthly pay of the employee; that the commission may, from time to time, require a partially disabled employee to report the wages he is then receiving, and if he refuses to seek suitable work, or refuses or neglects to work after suitable work is offered to him, he shall not be entitled to any compensation; that the commission may determine whether the wage-earning capacity of the disabled employee has decreased on account of old age, irrespective of the injury, and may reduce his disability compensation accordingly; and that at any time, upon its own motion or on an application the commission may review the award, and in accordance with the facts found by it, may end, diminish, or increase the compensation previously awarded.

It thus appears that at the time in question the government was paying the juror a monthly stipend as employee's compensation, reserving the authority to control his conduct in certain particulars, and with power to increase, diminish, or terminate the compensation at discretion. In our opinion that relationship, whatever be the technical name which may most narrowly describe it, did in effect constitute the juror an employee of the United States within the sense in which that term is here used.

[2] The next question is whether an employee of the government is disqualified under the law to serve as a juror in the District of Columbia. The following sections of the District Code relate to this question, to wit:

"Sec. 215. *Qualifications.*—No person shall be competent to act as a juror unless he be a citizen of the United States, a resident of the District of Columbia, over twenty-one and under sixty-five years of age,

able to read and write and to understand the English language, and a good and lawful man, who has never been convicted of a felony or a misdemeanor involving moral turpitude."

"Sec. 217. All executive and judicial officers, salaried officers of the government of the United States and of the District of Columbia and those connected with the police or fire departments, counselors and attorneys at law in actual practice, ministers of the gospel and clergymen of every denomination, practicing physicians and surgeons, keepers of hospitals, asylums, almshouses, or other charitable institutions created by or under the laws relating to the District, captains and masters and other persons employed on vessels navigating the waters of the District shall be exempt from jury duty, and their names shall not be placed on the jury lists."

In Crawford v. United States, 212 U. S. 183, 195, 29 S. Ct. 260, 267 (53 L. Ed. 465, 15 Ann. Cas. 392) an accused had been convicted of a crime in the District of Columbia by a petit jury one member of which was at the time a United States postal employee. The accused had challenged the juror for that cause, but the challenge was overruled upon the ground that sections 215 and 217, supra, did not include such relationship within the list of disqualifications. The Supreme Court however held that under the common law of the District independently of those enactments, "one is not a competent juror on a case if he is master, servant, stewart, counsellor or attorney of either party." Accordingly the conviction was reversed. The following extract is taken from the opinion in that case, written by Mr. Justice Peckham:

"We do not think that section 215 of the Code of the District includes the whole subject of the qualifications of jurors in that District. If that section, together with section 217, were alone to be considered, it might be that the juror was qualified. But, by the common law, a further qualification exists. If that law remains in force in this regard in this District a different decision is called for from that made in this case. The common law in force in Maryland, February 27, 1801, remains in force here, except as the same may be inconsistent with or replaced by some provision of the Code for the District, Code, § 1, c. 1, p. 5. It has not been contended that the common law upon the subject of jurors was not in force in Maryland at the above-named date, or that

it did not remain in force here, at least up to the time of the passage of the Code. Jurors must at least have the qualifications mentioned in section 215, but that section does not, in our opinion, so far alter the common law upon the subject as to exclude its rule that one is not a competent juror in a case if he is master, servant, steward, counsellor or attorney of either party. In such case a juror may be challenged for principal cause as an absolute disqualification of the juror. 3 Blackstone (Cooley's 4th Ed.) p. 363; Block v. State, 100 Indiana, 357, 362. * * * This rule applies as well to criminal as to civil cases."

The foregoing decision is authority for the conclusion that a United States employee is not qualified to serve as a member of the petit jury in the trial of a criminal case in the District of Columbia, and that a challenge seasonably made by the accused upon that ground should be sustained. See, also, Miller v. United States, 38 App. D. C. 36.

[3] The question next arises whether such an employee is likewise disqualified from serving as a grand juror in the District, and whether an accused may present his objections to such a juror by a plea in abatement. In answer to this we may say that in general the term "juror" is held to include alike both petit and grand jurors, and that objections to the qualifications of grand jurors, under circumstances such as these, may be made by a plea in abatement. Spencer v. United States, 169 F. 562, 565, 95 C. C. A. 60; Williams v. United States (C. C. A.) 275 F. 129, 131; Clawson v. United States, 114 U. S. 477, 483, 5 S. Ct. 949, 29 L. Ed. 179; Agnew v. United States, 165 U. S. 35, 44, 17 S.. Ct. 235, 41 L. Ed. 624; Crowley v. United States, 194 U. S. 461, 24 S. Ct. 731, 48 L. Ed. 1075.

In Clawson v. United States, supra, a case arising in the then territory of Utah, the Supreme Court considered section 5 of the Act of Congress of March 22, 1882, 22 Stat. 30 (Comp. St. § 1265), which provides "that in any prosecution for bigamy, polygamy, or unlawful cohabitation, under any statute of the United States, it shall be sufficient cause of challenge to any person drawn or summoned as a juryman or talesman, * * * that he believes it right for a man to have more than one living and undivorced wife at the same time." It was held that the terms "juryman or talesman" included both grand and petit jurors. The following extract is taken from the opinion by Mr. Justice Blatchford in that case:

"It is also urged that § 5 does not apply to grand jurors. The language is, 'any person drawn or summoned as a juryman or talesman'—'any person appearing or offered as a juror or talesman.' In view of the fact that by section 4 of the Act of June 23, 1874, both grand jurors and petit jurors are to be drawn from the box containing the two hundred names, and are to be summoned under venires, and are to constitute the regular grand and petit juries for the term, and of the further fact that the persons to be challenged and excluded are persons not likely to find indictments for the offenses named in section 5, we cannot doubt that the words 'juryman' and 'juror' include a grand juror as well as a petit juror. There is as much ground for holding that it includes the former alone, as the latter alone, if it is to include but one. It must include one at least, and we think it includes both. The purpose and reason of the section include the grand juror; and there is nothing in the language repugnant to such view. The use of the words 'drawn or summoned as a juryman or talesman,' and of the words 'appearing or offered as a juror or talesman,' does not have the effect of confining the meaning of 'juror' to 'petit juror,' on the view that the ordinary meaning of 'talesman' refers to a petit juror. A grand juror is a juryman and a juror, and is drawn and summoned, and it might well have been thought wisest to mention a 'talesman' specifically, lest the words 'juryman' and 'juror' might be supposed not to include him."

It may be noted that sections 198, 199, 203, 204, 215, 216, and 217 of the District Code, providing for the drawing and selection of "jurors" all apply alike to grand and petit jurors. In Crowley v. United States, supra, it was held by the Supreme Court that an objection by plea in abatement, before the arraignment of the accused, to an indictment on the ground that some of the grand jurors were disqualified by law, was in due time, and was made in a proper way, and also that the disqualification of a grand juror prescribed by statute is a matter of substance, which cannot be regarded as a mere defect or imperfection, within the meaning of section 1025, Rev. Stat. (Comp. St. § 1691). The latter statement likewise applies to a disqualification like this under the common law.

In our opinion, therefore, the trial court rightly sustained the plea in abatement, and its judgment is affirmed.