### UNITED STATES v. CALDWELL.

No. 1181–Cr.

Third Division.

June 18, 1929.

W. N. Cuddy, U. S. Atty., of Anchorage, and Clyde R. Ellis, Asst. U. S. Atty., of Cordova, for the United States.

L. V. Ray, of Seward, for defendant.

HILL, District Judge.

On June 14, 1929, at Seward, Alaska, a grand jury summoned in the Third judicial division of the territory of Alaska to inquire into offenses committed or triable within the territory, returned an indictment against Horace Caldwell charging him with statutory rape. On June 17, 1929, the defendant filed a plea in abatement of the indictment, praying that said indictment be quashed for the reason that at all times when the charge against said defendant was being investigated by said grand jury and at the time of the return of the said indictment, Walter G. Culver,

foreman of the grand jury, was disqualified to serve as a grand juror for the reason that he was an employee of the United States employed in the conduct of the Alaska Railroad and charged with the duties of investigating and reporting infractions of the law relative to employees of the United States employed on said Alaska Railroad, and also because the said Culver was an officer and an employee of the Department of Justice of the United States of America, to wit, a special deputy United States marshal in, of, and for the Third division of the territory of Alaska.

To this plea in abatement the United States demurred, thus admitting the facts alleged in the plea in abatement. Culver is a special deputy marshal without compensation appointed for convenience in his railroad work.

The record of this court shows that on June 3, 1929, at Seward, Alaska, in open court, Walter G. Culver and other grand jurors summoned to attend the court were examined by the United States attorney as to their qualifications to serve as grand jurors, which examination showed that said Walter G. Culver was not disqualified to act as a grand juror under the provisions of section 2120 of the Code of Criminal Procedure of Alaska (Comp.Laws 1913).

In support of the defendant's position, he presented to the court and relied principally upon the decision of the Court of Appeals of District of Columbia in United States v. Griffith et al., 55 App.D.C. 123, 2 F.(2d) 925, 926. In the Griffith Case a plea in abatement was interposed because George H. Van Kirk, a member of the grand jury, was a paid employee of the United States. In that case a replication was filed denying that Van Kirk was a United States employee, and the court decided that his relationship to the United States "did in effect constitute * * * an employee of the United States within the sense in which that term is here used." The court then considered the question as to whether "an employee of the government is disqualified under the law to serve as *a juror in the District*

*of Columbia."* (The italics mine.) By the italicized portion of this quotation the court plainly limited the extent of the application of the doctrine in that decision. It appears from the decision that the defendant relied on section 217 of the Code of District of Columbia 1901, the pertinent parts of which are as follows: "All executive and judicial officers, salaried officers of the Government of the United States and of the District of Columbia * * * shall be exempt from jury duty, and their names shall not be placed on the jury lists."

There is no provision in any of the laws of the territory of Alaska forbidding placing upon the jury lists the names of persons who are exempt from service nor, as to jurors generally, exempting from service all employees of the United States.

The only provisions of the Code of Alaska exempting from liability to act as a grand juror are contained in section 2121, the provisions of which do not extend so far as to include all employees of the United States. The second subdivision of that section exempts any civil officer of the United States whose duties are at the time *inconsistent with his attendance* as a juror. The seventh subdivision of that section exempts an acting noncommissioned officer, musician, or private of a military organization duly enrolled in the service of the United States or of said district. It does not appear that Walter G. Culver is included in either of these exempt classes.

So far as I am aware, it has always been held by the courts of Alaska that the provisions of section 2121 were for the benefit of the person summoned to serve as a grand juror, and that, if he did not claim exemption, he was not disqualified from service.

In the Griffith Case, the court devoted much of its time to showing that the provisions of section 217, supra, were applicable alike to grand and petit jurors, and concluded that they were so applicable.

 In the Code of Alaska, the provisions governing the selection of grand and petit jurors are kept distinctly separate. There is no such general provision relating to jurors as in said section 217. It is true that there is a provision (Comp.Laws 1913, § 2235) as to trial jurors which makes the existence of the relation of employer and employee between a trial juror and a party to the case on trial the ground for a challenge for implied bias. That provision is clearly limited to trial jurors, and in my opinion has no application to a grand juror. Furthermore, a defendant must interpose a challenge on that ground or the juror may serve in the trial. Implied bias is not an absolute disqualification.

I am not unmindful of the fact that in the Griffith Case the court discussed and applied the common law of Maryland. I am inclined to think that that part of their opinion was mere dictum. Certainly that discussion was limited to the common law of Maryland.

 Since I must hold that there is no statute in Alaska under the provisions of which Walter G. Culver is disqualified from acting as a grand juror, I will consider whether the general provisions of the law forbid his acting in that capacity. The most that can be urged by reason of his employment against his serving as a grand juror is that a party defendant might challenge him for *implied bias* if he were chosen as a trial juror. *Actual bias* on the part of a grand juror against a person being investigated by the grand jury has repeatedly been held not to disqualify the grand juror: 12 Ruling Case Law, p. 1022.

In Corpus Juris I find the following: "The general rule has been laid down that interest in a particular prosecution, other than a direct pecuniary interest, will not disqualify a grand juror or be a ground of objection to an indictment in the finding of which he participates. Accordingly, in the absence of statutory provisions to the contrary, the fact that a person has originated a complaint against a person accused of crime or is a witness for the prosecution, does

not operate as a disqualification, and the same rule has been applied to a person who has evinced a desire and a purpose to enforce the law against a particular kind of crime or has subscribed a fund for the purpose of legitimately suppressing a particular violation of law. The mere fact that a person is a member of an association organized for the purpose of aiding the public officers in the maintenance of law and order and the suppression of crime does not disqualify such person as a grand juror." 28 Corpus Juris, 770.

If actual bias does not disqualify a grand juror, I fail to see any reason why implied bias should disqualify him.

In United States v. Belvin (C.C.) 46 F. 381, 384, a motion was made to quash the indictment because the foreman of the grand jury had been the examining magistrate who had issued a warrant of arrest for the accused and had expressed an opinion as to his guilt. The court denied the motion, using the following language: "Grand jurors are not sworn on their voir dire to say whether they have formed or expressed an opinion of the guilt or innocence of a person charged with crime. On the contrary, the court charges each of them to bring to the attention of the grand jury all offenses of which he may have any personal knowledge. The grand jury does not try; it merely accuses with a view to trial. The petit jury tries; no other body does or can try the graver offenses. Nor is an examining magistrate or commissioner disqualified to act as a grand juror upon cases sent on by himself."

█ It does not appear to me that there is any merit in the objection raised to the qualification of Walter G. Culver to serve upon the grand jury. This court will not indulge in any presumption that, because a man is in the service of the United States, he will violate the oath which he takes as a grand juror, nor will it indulge in any presumption that the United States will exercise pressure upon a member of the grand jury to cause him to indict a person for a crime. The grand jury is an inquisitory body

making accusations only, and, in the absence of a showing of any misconduct on the part of a grand juror, this court does not consider that the existence of conditions which would be the ground for a challenge of a trial juror for implied bias, but which in the absence of objection would not prevent his service, is sufficient to disqualify such grand juror.

The demurrer to defendant's plea in abatement will therefore be sustained, and the plea in abatement overruled.